# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| DANIEL EASON, )<br>)<br>    Plaintiff, )<br>)<br>v. )     CASE NO.:<br>   )<br>)<br>GRAY MEDIA GROUP, INC. )<br>)<br>    Defendant. )<br>_____/ | |

## COMPLAINT WITH DEMAND FOR JURY TRIAL

Now comes the Plaintiff, DANIEL EASON (hereinafter "Plaintiff" or "Eason"), by and through undersigned counsel, and files his Complaint against the Defendant, GRAY MEDIA GROUP, INC. (hereinafter "Defendant" or "GMG") and states as follows:

## NATURE OF THE CLAIMS

1.  This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination and retaliation against Plaintiff because of his

1

religion and need for reasonable accommodations leading to his unlawful termination.

## PARTIES

2. Plaintiff, Eason, is a citizen of the United States. He is currently a resident of the State of Alabama, but was at all times material, a resident of the State of Georgia.

3. Defendant, GMG, is a Foreign Profit Corporation with its headquarters in Atlanta, GA. Defendant does business in this district at WTVM-TV 1909 Wynnton Rd, Columbus, GA 31906.

4. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding Plaintiff's rights under Title VII.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On or about March 2, 2022, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on religious discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within one hundred and eighty (180) days after the alleged unlawful employment practices occurred.

10. On October 13, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue at the request of Plaintiff.

11. The Parties were engaged in settlement discussions and entered into a tolling agreement extending the filing deadline to February 20, 2023.

12. This Complaint has been filed on or before the mutually agreed upon filing deadline.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired as a Master Control Operator in 2015.  In 2020, he moved from Master Control Operator to an Ingest Technician position.

14. Plaintiff regularly met or exceeded performance standards.

15. In or around June 2021, Plaintiff began assisting with Master Control Operator duties in addition to his official position as Ingest Technician due to staffing shortages.

16. In August 2021, Defendant issued a mandatory COVID-19 vaccination policy requiring all management position employees to receive the COVID-19 vaccine by September 15, 2021, and all other employees to receive the COVID-19 vaccine by October 1, 2021, or be terminated. The policy provided the option for accommodations in accordance with the laws and guidance, including EEOC guidance.

17. Plaintiff promptly notified Sharel Bend, Human Resources Director, that he required the reasonable accommodation of an exemption from the COVID-19 vaccine due to religious reasons.

18. Defendant provided Plaintiff with the religious accommodation request form with a due date of September 13, 2021.

19. Plaintiff completed the request explaining that he is a "God fearing, Holy Ghost filled Christian," explained his beliefs that "the vaccine violates the teachings and principles laid out in God's Word" including but not limited to that "The Bible also teaches about healing and how the prayer of faith will save the sick. I have faith that my God will heal me if I get COVID 19 again, and I believe

that taking a vaccine for it would contradict my faith," and that taking the "vaccine out of fear of losing his job or fear of dying would contradict putting [his] trust and faith in God." Plaintiff cited to multiple scriptures to further substantiate his religious beliefs.

20. On or about September 27, 2021, Defendant denied Plaintiff's religious accommodation request under the pretexts that his request supposedly did not identify a specific sincerely held religious belief or practice and undue hardship citing to Defendant's reasons for implementing the vaccine mandate.

21. Plaintiff disputed Defendant's refusal to accommodate him and further explained that he was willing to take alternative precautionary measures as a reasonable accommodation such as wearing a mask, social distancing, temperature checks, and weekly testing.

22. Furthermore, the essential functions of Plaintiff's position as an Ingest Technician and the Master Control Operator duties did not involve interacting with other people, which further reduced any concern of risk to other employees.

23. However, Defendant again refused to reasonably accommodate Plaintiff.

24. Days later, on October 1, 2021, Defendant terminated Plaintiff for not getting the vaccine that conflicted with his religious beliefs.

25. Plaintiff has been damaged by Defendant's conduct.

26. Plaintiff has had to retain the services of undersigned counsel and has agreed to compensate said counsel with reasonable attorneys' fees.

**COUNT I: DISPARATE TREATMENT IN VIOLATION OF TITLE VII**

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24 above.

28. Plaintiff is a Christian with sincerely held bona fide religious beliefs that taking the COVID-19 vaccine goes against his faith and trust in God.

29. Plaintiff's sincerely held religious beliefs conflicted with Defendant's employment requirement that all employees receive the COVID-19 vaccine.

30. Plaintiff informed Defendant about his religious beliefs and requested the reasonable accommodation of an exemption to the vaccine mandate.

31. Defendant refused to reasonably accommodate Plaintiff and terminated him or failing to comply with the conflicting employment requirement.

32. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his religious beliefs with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

33. Defendant is obligated to reasonably accommodate Plaintiff's religious observance and practice.

34. Defendant refused to reasonably accommodate Plaintiff.

35. Defendant willfully and intentionally terminated Plaintiff based on his failure to comply with the conflicting employment requirement because of his religious beliefs.

36. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

37. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**COUNT II:  RETALIATION IN VIOLATION OF TITLE VII**

38. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24 above.

39. Plaintiff engaged in protected activity under Title VII by opposing Defendant's unlawful refusal to reasonably accommodate his religious beliefs.

40. As a result, Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff mere days after Plaintiff's protected activity.

41. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

42. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay,

compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted,

*/s/ Gary Martoccio*
Gary Martoccio
Georgia Bar No: 497511
Spielberger Law Group
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

9

*Counsel for Plaintiff*